**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL JOSEPH BRYANT, SR., | No. 2:19-CV-2425-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DUNCAN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, a prisoner at South Placer County Jail (SPCJ), alleges four causes of action under the Eighth Amendment: (1) deliberate indifference to his safety, (2) denial of medical treatment, (3) delay of medical treatment, and (4) deliberate indifference to his need for healthy food.  ECF No. 1, pgs 3-5.  Plaintiff names four defendants: Officer Pool, Dr. Duncan, Dr. Goldsmith, and Placer County.  Id. at 2.

## II. DISCUSSION

### A. Deliberate Indifference to Safety

Plaintiff fails to plead sufficient facts to state a claim against Officer Pool for deliberate indifference of Plaintiff's safety in violation of the Eighth Amendment.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have

1  acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at

2  834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable

3  mind."  See id.

4  Under these principles, prison officials have a duty to take reasonable steps to

5  protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

6  1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1)

7  objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious

8  harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511

9  U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.

10 See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable,

11 however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511

12 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials

13 know for a certainty that the inmate's safety is in danger, but it requires proof of more than a

14 mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the

15 plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually

16 knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,

17 even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

18 Plaintiff alleges that Officer Pool did not properly inspect the work of other

19 inmates under his care.  Id. at 4.  He further alleges that this lack of supervision led to Plaintiff

20 slipping and injuring himself.  Id.  However, Officer Pool's poor supervision of inmate cleaning

21 duties does not meet the culpability standard required for deliberate indifference.  Because

22 identification of acts committed by Officer Pool might give rise to cognizable claims, amendment

23 is appropriate.

### B.  Deficiencies in All Further Claims

25 Plaintiff fails to allege specific acts taken by any of the defendants that link them

26 to the claims alleged.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

27 connection or link between the actions of the named defendants and the alleged deprivations.  See

28 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

1 person 'subjects' another to the deprivation of a constitutional right, within the meaning of
2 § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to
3 perform an act which he is legally required to do that causes the deprivation of which complaint is
4 made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations
5 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
6 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth
7 specific facts as to each individual defendant's causal role in the alleged constitutional
8 deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff has not alleged any
9 facts linking the conduct of any defendant to a constitutional violation.  Because identification of
10 acts committed by specific defendants might give rise to cognizable claims, amendment is
11 appropriate.

### C. Denial of Medical Treatment

13           Plaintiff's claims for denial of medical treatment of an MRI, surgery, and use of a
14 cheaper prescription fail because Plaintiff's differing opinion concerning the appropriate
15 treatment does not amount to deliberate indifference to a serious medical need.  A difference of
16 opinion between medical professionals concerning the appropriate course of treatment generally
17 does not amount to deliberate indifference to serious medical needs. See Toguchi v. Chung, 391
18 F.3d 1051, 130 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To
19 establish that a difference of opinion amounted to deliberate indifference, the prisoner "must
20 show that the course of treatment the doctors chose was medically unacceptable under the
21 circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the
22 prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).  A difference of
23 opinion between the physician and the prisoner concerning the appropriate course of treatment
24 does not amount to deliberate indifference to serious medical needs. See Toguchi, 391 F.3d at
25 1058.  Plaintiff admits that he was seen by medical staff, his injury was x-rayed, and he did
26 receive H.I.V. medication. Id. at 4.  Plaintiff fails to state a claim for medical indifference.
27 ///
28 ///

**D. Deliberate Indifference to Plaintiff's Need for Healthy Food**

Plaintiff's claim of deliberate indifference to Plaintiff's need for healthy food fails under Federal Rule of Evidence 8(a)(2) because it is conclusory. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff admits that he receives a "diabetic tray" but claims that it has "too much sugar, carbs and sodium" and that the only way to avoid these is to "starve" because even the venders have unhealthy food. Id. at 6. Because more specific information about the healthfulness of both the non-diabetic and diabetic meals at the prison might give rise to cognizable claims, amendment is appropriate.

**E. Placer County as a Defendant**

Plaintiff's claims against Placer County fail because they do not link a policy or custom of the municipality to an alleged deprivation. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). Because identification of harmful policies or customs adopted by Placer County might give rise to cognizable claims, amendment is appropriate.

///

///

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

///

///

///

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  February 17, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE